UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EVER ESTUARDO RAMOS PINEDA,

Petitioner,

v.

CHRISTOPHER CHESTNUT, ET AL.

Respondents.

No. 1:26-cv-06242-DAD-SCR (HC)

ORDER GRANTING PETITION FOR WRIT OF *HABEAS CORPUS* AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAIINING ORDER AS MOOT

(Doc. Nos. 1, 2)

On August 6, 2026, counsel on behalf of petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 challenging petitioner's detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) On that same day, petitioner filed a motion for a temporary restraining order ("TRO") requesting immediate release from immigration detention. (Doc. No. 2.) The court set a briefing schedule and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several prior cases that this court has decided. (Doc. No. 5.)

Respondents filed their response to the pending motion for a TRO on August 7, 2026. (Doc. No. 6.) Respondents maintain that petitioner is subject to detention pursuant to 8 U.S.C. § 1225(b)(2)(A), but acknowledge that recent binding authority from the United States Court of Appeals for the Ninth Circuit compels the finding that 8 U.S.C. § 1226(a) governs the detention

1

of petitioner. *See Rodriguez Vazques v. Bostock*, – F.4th –, No. 25-6842, 2026 WL 7196424 (9th Cir. July 30, 2026). Respondents do not state any objection to ruling on petitioner's habeas petition based upon the briefing currently before the court, despite being invited to do so, and the court will therefore rule on the pending petition.

Based upon a review of the parties' submissions, the court finds the following facts. Petitioner is a native and citizen of Honduras. (Doc. No. 1 at ¶ 16.) On or about August 12, 2021, when petitioner was seventeen years old, he entered the United States and immigration officials processed him as an unaccompanied child. (*Id.* at ¶ 1.) He was released by immigration authorities, the Office of Refugee Resettlement ("ORR"), to his brother and a sponsor on August 23, 2021. (*Id.* at ¶¶ 1, 23.) Petitioner has a pending application for asylum and withholding of removal. (*Id.* at ¶ 25.) On or about May 31, 2026, petitioner was placed back into ICE custody after he encountered law enforcement due to a driver's license related infraction. (*Id.* at ¶ 29.)

Respondents argue that petitioner should only be provided with a "custody redetermination hearing before an immigration judge" because that is the process available under 8 U.S.C. § 1226(a). (Doc. No. 6 at 1.) Petitioner has submitted evidence that he had previously been detained and then released by ORR as an unaccompanied minor. (Doc. No. 2-3 at 8, 11.) Considering this evidence, the undersigned incorporates and adopts the reasoning set forth in a prior order in which it was concluded that the petitioner's prior release due to him being an accompanied minor by immigration authorities created a liberty interest in his continued release and that he was thereby detained pursuant to 8 U.S.C. § 1232. *See Pedro v. Warden, Cal. City Immigration Processing Ctr.*, No. 1:26-cv—04268, at *1-2 (E.D. Cal. June 11, 2026) (noting that petitioner cannot be detained pursuant to § 1225(b) but rather under § 1232 such that petitioner's release by ORR created a liberty interest and that the court subsequently granted petitioner's immediate release).

Accordingly, in this case, the court will grant petitioner's petition for writ of *habeas corpus*, order his immediate release, and reject respondents' suggestion that petitioner is only entitled to receive a custody redetermination hearing. *See Gomez v. Warden, Cal. City Immigration Processing Ctr.*, No. 1::26-cv-03490-DAD-SCR, 2026 WL 1418267 (E.D. Cal. May

20, 2026), *findings and recommendation adopted*, 2026 WL 14904008 (E.D. Cal. May 28, 2026) (ordering release of immigration detainee who had previously been detained and released as an unaccompanied minor).

For the reasons stated above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

   a. Respondents are ORDERED to immediately release petitioner, Ever Estuardo Ramos Pineda, A-File No. 220-590-418, from respondents' custody on the conditions, if any, he was subject to prior his current immigration detention on or about May 31, 2026;

   b. Respondents are ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondents will bear the burden to demonstrate that petitioner is a danger to the community or a flight risk by clear and convincing evidence;

2. Petitioner's motion for a temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order granting *habeas* relief;

3. The Clerk of the Court is directed to serve a copy of this order on the warden of the California City Detention Center; and

4. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:   **August 11, 2026**          _____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE

3